IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FREDDIE RAMOS-ORTIZ (3)<br>Defendant. | CRIMINAL NO. 19-355 (FAB)<br><br>Received & filed<br>October 18, 2021 11:45 AM. |

PLEA AGREEMENT

The United States of America, Defendant, Freddie Ramos-Ortiz, and Defendant's counsel, Laura Maldonado, Esq., pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count Five of the Indictment, which alleges a violation of 18 U.S.C. § 924(j)(1) (use and carry of a firearm during, and in relation to crimes of violence resulting in death, these crimes of violence being carjacking resulting in death in violation of 18 U.S.C. § 2119(3) and Hobbs Act robbery in violation of 18 U.S.C. § 1951(a)).

### 2. Maximum Penalties

The maximum statutory penalties for the offense charged in Counts Five are: a term of imprisonment of not less than 10 years and up to life pursuant to 18 U.S.C. § 924(c)(1)(A)(iii); a fine not to exceed $250,000.00 pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than five years pursuant to 18 U.S.C. §

3583(b)(2); and a Special Monetary assessment of one hundred dollars ($100.00) pursuant to 18 U.S.C. § 3583(b)(1).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make, and has

not made, any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept these recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE – 18 U.S.C. § 2119(1) – GROUP 1 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Base offense level, U.S.S.G. § 2A1.1 | | | | | | | 43 |
| Acceptance of responsibility, U.S.S.G. § 3E1.1 | | | | | | | -3 |
| Total offense level | | | | | | | 40 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| | 40 | 292-365 | 324-405 | 360-life | 360-life | 360-life | 360-life |

### 8. Sentence Recommendation

Under the terms of this Plea Agreement, the parties will recommend a term of imprisonment of 300 months.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute

a material breach of the Plea Agreement. The defendant further acknowledges that the recommendation set forth herein is reasonable pursuant to 18 U.S.C. § 3553(a).

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that if the imprisonment sentence imposed by the Court is of 300 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and standard conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Laura Maldonado, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial would be conducted by a judge sitting without a jury if Defendant, the United States and the judge agreed.

b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing, the United States will move to dismiss all remaining counts pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that he will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw his guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, he is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Seth Erbe
Assistant United States Attorney
Chief, Financial Fraud/Public Corruption
Dated: 10-18-21

_____
Laura Maldonado, Esq.
Attorney for Defendant

_____
Alexander L. Alum
Assistant United States Attorney
Dated: _____

_____
Freddie Ramos-Ortiz
Defendant
Dated: 10/18/2021

TRH. Authorized by Chief - Crim. Div.

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney, who has translated it to me into the Spanish language. I fully understand this agreement and voluntarily agree to it.

Date: 10/18/2021

_____
Freddie Ramos-Ortiz
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 10/18/2021

_____
Laura Maldonado, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, Freddie Ramos-Ortiz admits that the following is an accurate summary, and not an exhaustive account, of the facts the United States would have proven had this matter proceeded to trial.

Between on or about March 30, 2019 and on or about March 31, 2019, a co-conspirator planned to commit a robbery at a residence located in San Lorenzo, Puerto Rico with three other individuals; Freddie Ramos-Ortiz was among these individuals. The owner of the residence was a businessman (hereafter the "victim"), owner of two Puma gas stations and other commercial properties.  The gas stations and the commercial properties the victim owned were engaged in commerce as that term is defined in 18 U.S.C. § 1951(b)(3).

Ramos-Ortiz and those with whom he participated in executing the robbery took various measures to prepare for robbery.  Among these, on or about March 31, 2019, Ramos-Ortiz went to a Walmart in Caguas with two other individuals to purchase walkie-talkies and earpieces to use during the robbery.

During the evening hours between March 31, 2019 and April 1, 2019, Ramos-Ortiz and the three individuals with whom he planned the robbery set up surveillance near the victim's residence.  They were armed with a baseball bat, a weapon having the appearance of a rifle, and pepper spray.  Ramos-Ortiz and the three individuals ultimately breached the residence.  The victim armed himself with a firearm he legally owned, and discharged his weapon.  The victim ultimately engaged in a physical

struggle with one of the three individuals who breached the residence to commit the robbery, and lost control of the firearm. The victim was subsequently beaten with the baseball bat and the weapon having the appearance of a rifle, after which point he was shot and killed.

Ramos-Ortiz and the other individuals who participated in the robbery took from the residence over $20,000, at least some of which represented assets of the Puma gas stations which the victim owned, and were destined to incur business-related expenses. Ramos-Ortiz and the other individuals who participated in the robbery also took from the residence multiple firearms which the victim legally owned, and two motor vehicles of the victim—a Honda Accord with license plate ICL-222 and a Dodge Ram 2500 with license plate 828-210. As motor vehicles are not manufactured in Puerto Rico, these motor vehicles were shipped and transported in interstate and foreign commerce.

The evidence the United States would have presented at trial includes, but is not limited to: the testimony of a cell-site location expert, surveillance video from Walmart and a Walmart receipt, a video extracted from a cellular phone showing the victim moments before his death, and toll record evidence showing patterns of communications between Ramos-Ortiz and the three individuals who participated in the robbery.

Discovery was provided to Defendant in a timely manner for review.

_____
Alexander L. Alum
Assistant United States Attorney
Dated: 8-6-21

_____
Laura Maldonado, Esq.
Counsel for Defendant
Dated: 10/18/2021

_____
Freddie Ramos-Ortiz
Defendant
Dated: 10/18/2021